STELWAGON MANUFACTURING COMPANY, A BODY COR-PORATE, PLAINTIFF, v. ALBERT C. HARRISON, JR., DEFENDANT.

Argued January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *Quinn, Parsons & Doremus.*

For the defendant, *Mary Wooster Sutton.*

PER CURIAM.

This suit is based on a trade acceptance drawn by a corporation known as the Waterproofing Company of America upon the defendant Harrison, and which he accepted in writing, payable at a stated bank. The state of demand does not show any endorsement of the trade acceptance by the payee who was also the drawer; it sets up protest, but does not set up notice.

The first point urged is that the state of demand was insufficient because it did not show the plaintiff to be a party to the trade acceptance. The difficulty about considering this point, however, is that it does not appear to have been made at the trial; on the contrary, it is expressly stated in the state of the case that the paper was transferred to the plaintiff by endorsement and delivery, and it was marked in evidence without objection. No point was made about the proof of notice, and properly not, as an acceptor is not entitled to notice any more than the maker of a note. *Rand. Com. Paper*, § 1238; 8 *C. J.* 641, §§ 900, 901. The first point we conclude is without merit.

The second point is that the trial court should have admitted evidence as to what inquiries plaintiff as endorsee had made from its customer, the endorser, concerning the circumstances under which defendant signed the trade acceptance. Inasmuch as the plaintiff brought the suit as a holder in due course, this would seem to have been legitimate cross-examination. *De Jonge* v. *Woodport Land Co.*, 77 *N. J. L.* 233. But the error, if any, was harmless, because the same witness was called by the defendant and gave full details on this point.

The next point is that the court ought to have admitted evidence as to the agreement relating to the taking over by the plaintiff of fifty trade acceptances at one transaction. This refers to the ground of appeal challenging the rejection of a question to the witness Joseph Stelwagon as to an alleged agreement with the Waterproofing company about fifty trade acceptances. The inquiry was relevant; but the witness had already testified that he made no inquiry as to the circumstances, that he took the acceptance in the usual course of business, and further on the plaintiff's case, that his company supplied material to the drawer, shipped it direct to the drawer's customers, and accepted their acceptance in payment; that if and when this draft was paid, his company would owe the Waterproofing company $56.28 of it. The general question, "What was the agreement?" was therefore already answered.

The fourth and last point is that on the evidence the court could not lawfully find the plaintiff was a holder in due course. To this we cannot agree. Perhaps the plaintiff was not a holder in due course as to $56.28 of the draft, but it may well have been a holder in due course as to the rest, and there was no separation of these two parts of the draft anywhere in the case. Counsel for the appellant relies particularly upon the case of Williams *v.* Wiltz, a Connecticut decision, in 137 *Atl. Rep.* 759. We have examined that case and find it is not in point. It appears from the report that the question whether the plaintiff was a holder in due course was left to the jury, and that the jury found for the defendant.

The judgment will be affirmed.